**Van HUDERSON**

v.

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al.**

Civ. No. 89–2152.

United States District Court, E.D. Pennsylvania.

Nov. 2, 1989.

Michael Donahue, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Virginia Powell, Philadelphia, Pa., for federal defendant.

Gary McCafferty and Joseph Goldbeck, Philadelphia, Pa., for defendant Bankers Mortg. Corp.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Pending before me is plaintiff's motion for attorney fees pursuant to the Equal

---

**1.** An action which is further along in the judicial process would involve different considera- tions.

Access to Justice Act, 28 U.S.C. § 2412, for fees and costs incurred in seeking review of the Department of Housing and Urban Development's ("HUD") refusal to accept an assignment of plaintiff's mortgage pursuant to 24 C.F.R. § 203.650 *et seq.* HUD opposes plaintiff's motion because it contends that the refusal was substantially justified.

The procedural and factual history of this case is quite long, and need not be reiterated.[1] I recently affirmed Judge Scholl's opinion determining that HUD's refusal to accept plaintiff's mortgage assignment was an abuse of discretion and his order directing HUD to accept the assignment.

■ The Equal Access to Justice Act provides for payment of fees to the prevailing party[2] unless the government proves that its position was substantially justified.[3] The substantial justification standard constitutes "a middle ground between an automatic award of fees and an award made only when the government position was frivolous." *Dougherty v. Lehman,* 711 F.2d 555, 563 (3d Cir.1983). In order to show that its position was substantially justified, HUD must establish: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. *Coup v. Heckler,* 834 F.2d 313 (3d Cir.1987).

■ Throughout the history of this case, HUD, as it does in its response to plaintiff's motion for fees, has maintained that its refusal to accept the assignment was justified. HUD has claimed that it could not find that plaintiff's mortgage default was due to circumstances beyond his control because plaintiff did not provide it with sufficient written documentation. HUD, however, never contended that plaintiff's assertions were unreasonable or inconsistent, nor did the agency contend that the affidavit provided in support of plaintiff's claim was false: it simply refused to accept the evidence proffered by plaintiff because it was not supported by documentary evidence.

There is nothing, however, in the regulations covering mortgage assignments or in the handbook used by HUD to suggest that the financial information used to support an assignment claim must be in the form of documentary evidence. In fact, as Judge Scholl points out, the regulations and the handbook provide for oral evidence in addition to documentary evidence. *In re Huderson,* 96 B.R. 541 (E.D.Pa.1989). Accordingly, I find that the government's position was not substantially justified, and I will grant plaintiff's request for attorney fees in the accompanying order.

### ORDER

For the reasons stated in the accompanying memorandum, it is hereby ORDERED and DIRECTED that plaintiff, pursuant to the Equal Access to Justice Act, is awarded fees in the amount of $12,888.20 and costs in the amount of $104.

1. *See* In re Huderson, 96 B.R. 541 (E.D.Pa.1989).

2. The government contends that plaintiff was not a prevailing party until 1988 when Judge Scholl ordered HUD to accept the mortgage assignment. That position is untenable: in all but one phase of the proceedings before the bankruptcy court, plaintiff has successfully contended that HUD was required to accept the mortgage assignment; the one phase of the bankruptcy proceeding in which plaintiff was not successful was subsequently remanded by this court.

3. 28 U.S.C. § 2412(d)(1)(A) provides in pertinent part:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.